Oresto Di Vincenzo vs. Michael Tacenis, et al. } Eq. No. 8294.

November 22, 1930.

BLODGETT, P. J. Heard upon bill, answer and proof.

Action for specific performance of contract for sale of real estate.

Contract is evidenced by a receipt signed by Michael Tacenis and Gertrude Tacenis, as appears from the testimony of Goande, the agent who prepared the same, as follows:

"Providence, R. I.
August 29, 1925.

I received from Oresto Di Vincenzo $50.00 on account 3 lots on the corner of Flower St. and Hartford for $2300, balance $2250 to be paid on a warranty deed.

Michael Tacenis,
Gertrude Tacenis."

Upon search of the title it was found that as to two of the lots one Emily Tacenis was a tenant in common.

Emily was subsequently made a party to the bill of complaint as a respondent.

Paragraph 2 of the amended bill is as follows:

"Second. The said Michael Tacenis & Gertrude E. Dunn acted in their own behalf in making said contract & also in behalf of the said Emily Tacenis."

Paragraph 2 of the answer admits the allegations of the above paragraph.

The name of Emily Tacenis was not signed to the contract either by herself or by the said Michael and Gertrude as her agents. The answer admits she was present and assented to the contract at the time the same was executed.

The requirements for establishing the validity of a contract for the sale of real estate as affected by the Statute of Frauds (Gen. Laws 1923, Sec. 4854) are considered in the case of *Scholovitz* vs. *Noorigian*, 42 R. I. 282. The authorization to sign the name of a party to such a contract need not be in writing and the authority to make a contract confers authority to sign the memorandum. The difficulty met with here is that the name of Emily Tacenis does not appear.

A court of equity might order reformation of the contract agreed to, but no such steps have been taken. Does her presence and assent at the time of making the contract meet the requirements of the Statute of Frauds? As far as Emily Tacenis is concerned it is an oral contract for the sale of land.

An oral contract for the sale of land is not utterly void by the Statute of Frauds, and one who advances money on such a contract may recover it back if the other party is unable or unwilling to perform the contract on his part. *Miller* vs. *Healey*, 39 R. I. 339.

The note or memorandum sufficient to present the operation of the statute upon a contract for the sale of land need not have the formal precision usu-

ally found in a written contract or agreement. Such note or memorandum meets the requirements of the statute if it sets out who are the seller and the buyer, their respective intention to sell and to purchase, such a description of the subject matter of the sale as may be applied to a particular piece of land, the purchase price, and the terms of payment—and, further, such note or memorandum must be signed by the party to be charged or by his agent duly authorized.

*Scholovitz* vs. *Noorigian*, 42 R. I.

The Court is of the opinion that specific performance of the contract cannot be enforced against the respondent Emily Tacenis. As to the other respondents it is evident that they cannot convey the entire fee of the land in question.

The memorandum in question is crudely drawn. It fails to state where the land in question is located except as to two streets, not even naming the town or city. The bill of complaint alleges same to be in the city of Providence and the answer admits the location and ownership. No attempt is made to attack the memorandum as not specific.

Upon the record appears evidence on the part of two of the respondents, Emily Tacenis not appearing to testify, that complainant on two occasions, shortly after the agreement was made, called upon respondents and notified them that he could not carry out the agreement. This is not denied upon the record by complainant save by implication.

Complainant, on September 25, 1925, notified respondents by letter of his readiness and ability to carry out the same, and on two subsequent occasions in 1926 and 1927 notified them to like effect. Complainant's remedy, if any, does not lie in a bill for specific performance.

Bill dismissed.

For complainant: Swan, Keeney & Smith.

For respondents: George J. West.